# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. 11-00141-KD |
| | ) | |
| TONY SCOTT GOLDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER FOR HOSPITALIZATION AND TREATMENT
## OF DEFENDANT PURSUANT TO 18 U.S.C. § 4241(d)

This action came before the Court on May 16, 2012, for a competency hearing pursuant to 18 U.S.C. § 4247(d). Defendant Tony Scott Golden, defense counsel John Furman, and Assistant United States Attorney Adam Overstreet were present at the hearing. Prior to the hearing, the Court and the parties received a copy of the Forensic Evaluations from the Federal Detention Center in Englewood, Colorado.

The Forensic Psychologist completed separate mental health evaluations pursuant to 18 U.S.C. § 4241 and 18 U.S.C. § 4242. As a result, the Psychologist opined that Golden demonstrated extremely low intellectual functioning and did not appear to understand many legal concepts well enough to apply these concepts to his circumstance and assist in his defense. The Psychologist found that Golden was "currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." The Psychologist also recommended that should the Court find Golden incompetent to stand trial, he should be "committed to a federal medical center for further treatment for restoration to competency". The Psychologist explained that since Golden was deficient in the area of understanding basic legal concepts and applying same to his case, a

period of restoration aimed at learning this material may be helpful in increasing his understanding. In regard to Golden's mental state at the time of the offense, the Psychologist found that Golden "was not suffering from a severe mental disease or defect rendering him unable to appreciate the nature, quality or wrongfulness of his acts." These Evaluations and the opinions contained therein were the only evidence offered by Golden and the United States regarding the issue of Golden's competency.

Upon consideration of all matters presented, including the opinions of the Forensic Psychologist contained in the Forensic Evaluations which this Court adopts and the parties' respective positions as set forth at the hearing, the Court finds by a preponderance of the evidence that Golden is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d).

Accordingly, Golden is hereby committed to the custody of the Attorney General who shall hospitalize him for treatment in a suitable facility "(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [Golden] will attain the capacity to permit the proceedings to go forward[.]"[1] 18 U.S.C. § 4241(d)(1). If additional time is needed, the Bureau of Prisons, the United States, or Defendant Golden can request an extension under § 4241(d)(2) which provides "for an additional reasonable period of time until-- (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

---

[1] Golden has been arraigned. However, he was sent for psychiatric evaluation before his pretrial conference was held.

(B) the pending charges against him are disposed of according to law; whichever is earlier." 18 U.S.C. § 4241(d)(2).

When the Director of the facility in which Golden is hospitalized pursuant to this order determines that he "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense", the Director "shall promptly file a certificate to that effect" with the Clerk of this Court. 18 U.S.C. § 4241(e). The Clerk shall send a copy of the certificate to Golden's counsel and to the attorney for the United States. Thereafter, this Court will schedule a hearing pursuant to the provisions of 18 U.S.C. § 4247(d) to determine Golden's competency. If, after the hearing, the Court finds by a preponderance of the evidence that Golden has "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him he is able to assist properly in his defense," the Court will order his discharge and transfer from the facility in which he is hospitalized and will set this action for trial or other disposition. 18 U.S.C. § 4241(e).

The United States Marshal is ORDERED to expedite Golden's transfer to the medical facility and to notify the Clerk of Court immediately upon his return to the Southern District of Alabama.

Further, the Court recommends that Golden be hospitalized for treatment in a facility as close as possible to the state of Alabama.

DONE and ORDERED this 23rd day of May, 2012.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE